**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BENJAMIN HORTON,

Petitioner,

Civil No. 04-CV-74521-DT
HONORABLE AVERN COHN

v.

KURT JONES,

Respondent.
_________________________________/

**THIRD ORDER COMPELLING PRODUCTION OF STATE COURT RECORD**

I.

This is a habeas case under 28 U.S.C. § 2254. On November 18, 2004, Petitioner filed his *pro se* application for writ of habeas corpus. On November 24, 2004, the Magistrate Judge entered an order requiring Respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by May 12, 2005. On May 12, 2005, Respondent filed an answer to the petition for writ of habeas corpus, along with the Rule 5 materials, on May 12, 2005. However, Respondent failed to provide the appellate court record from petitioner's appeal of right in the Michigan Court of Appeals, including the brief on appeal that was filed on petitioner's behalf by his appellate counsel, nor did respondent provide the appellate record from petitioner's application for leave to appeal to the Michigan Supreme Court following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals.

On June 5, 2006, the Magistrate Judge entered a second order compelling production of state court record, in which he ordered Respondent to provide a copy of

the appellate court record, including the appellate briefs, from petitioner's appeal of right in the Michigan Court of Appeals and his application for leave to appeal to the Michigan Supreme Court. To date, Respondent has failed to provide these materials to the Court.

II.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and if substantial portions of that transcript were omitted before the district court, the case is remanded for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

III.

Based upon the foregoing, Respondent shall produce **the appellate court record, including the appeal briefs, from petitioner's appeal of right in the Michigan Court of Appeals, *People v. Horton,* No. 220091 (Mich.Ct.App. May 8,**

**2001), and the appellate court record from petitioner's application for leave to appeal with the Michigan Supreme Court, *People v. Horton,* No. 119329 (Mich.Sup.Ct. December 27, 2001)** within **twenty one (21) days of the date of this order.**

If Respondent fails to submit the relevant portions of the record as directed, any doubts as to the record shall be resolved in Petitioner's favor. See *United States ex. rel. Carter v. Battles*, 2000 WL 574541, * 2 (N.D. Ill. May 9, 2000).

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record and Benjamin Horton, 138495, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 of record on this date, July 31, 2006, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160