UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN HORTON,

    Petitioner,                                  CASE NO. 04-CV-74521-DT
                                                 HONORABLE AVERN COHN
v.
KURT JONES,

    Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Benjamin Horton, ("petitioner"), is a state inmate who is currently confined at the Saginaw Correctional Facility in Freeland, Michigan, where he is serving a sentence of twenty five to forty years for the crime of breaking and entering a building with intent to commit larceny and being a fourth felony habitual offender, Mich. Comp. Laws §§ 750.110; 769.12. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are not cognizable and/or are procedurally defaulted. For the reasons which follow, the petition will be denied.

## II. Procedural History

Petitioner was convicted of the above offense following a jury trial in the Livingston County Circuit Court. Petitioner filed an appeal of right to the Michigan Court of Appeals, presenting the first four claims that he raises in the instant petition. The

Michigan Court of Appeals affirmed petitioner's conviction and sentence. *People v. Horton*, No. 220091 (Mich.Ct.App. May 8, 2001).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same issues that he had raised in his appeal of right.  The Michigan Supreme Court denied petitioner leave to appeal. *People v. Horton,* 465 Mich. 941 (2001).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* in which he raised the remaining six claims that he raises in his current petition.  The trial court denied the motion for relief from judgment.  The trial court found petitioner's claims were barred from review under M.C.R. 6.508(D)(3)(a). *People v. Horton*, No. 99-10824-FH (Livingston County Cir. Ct. May 6, 2003).  The Michigan appellate courts denied petitioner leave to appeal, finding that petitioner had failed to establish entitlement to relief under M.C.R. 6.508(D). *People v. Horton*, No. 251659 (Mich. Ct. App. Mar. 11, 2004); *lv. den.* 471 Mich. 898 (2004).

Petitioner has now filed an application for writ of habeas corpus.  For the sake of judicial brevity, petitioner's claims are paraphrased as follows:

> I.  Petitioner was denied a fair trial when the prosecutor was permitted to impeach petitioner's credibility with an eighteen year old conviction for larceny from a person.
>
> II.  Petitioner was denied a fair trial when the prosecutor was permitted to introduce evidence concerning a separate but uncharged burglary.
>
> III.  Petitioner was denied a fair trial when the prosecutor introduced evidence of petitioner's bad character.
>
> IV.  Petitioner's sentence of 25 to 40 years was an abuse of discretion.
>
> V.  Petitioner was denied the effective assistance of trial counsel.
>
> VI.  Petitioner was denied a fair trial because of prosecutorial misconduct.

VII. Petitioner was denied a fair trial because of the suppression of evidence by the prosecution and the police.

VIII. The prosecutor and police failed to properly investigate the charged offense, by failing to interview a key *res gestae* witness and by failing to allow perjured testimony to go uncorrected.

IX. The prosecutor improperly called petitioner a "liar" and vouched for her witnesses.

X. Petitioner was denied the effective assistance of counsel on his appeal of right and has therefore shown good cause to excuse the procedural default of the claims that he raised in his post-conviction motion.

### III. Facts

Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus. Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with the petitioner's statement of facts. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because respondent has not disputed them. See *Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because, however, the facts of this case have been repeated numerous times and are not necessary for resolution of petitioner's claims, they will not be repeated here. Briefly, petitioner and an accomplice broke into a business called Pro-Formed Concrete Walls to steal cement forms used in pouring concrete.

### IV. Analysis

#### A. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

> court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## B. Claims I, II, and III - state law evidentiary claims

Petitioner's first three claims will be considered together because they allege errors involving various evidentiary issues. Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Spalla v. Foltz,* 615 F. Supp. 224, 234 (E.D. Mich. 1985).

Petitioner's challenge to the trial court's decision to allow the prosecutor to use petitioner's prior conviction for impeachment purposes is not cognizable on habeas review because it does not present a constitutional issue. Likewise, petitioner's second

claim relating to the admission of "prior bad acts" evidence against a habeas petitioner in violation of M.R.E. 404(b) does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Finally, with respect to his third claim, the Michigan Court of Appeals held that petitioner opened the door to testimony from Detective Cremonte concerning petitioner's character by questioning the detective about the tactics that he used to attempt to obtain a statement from petitioner. The Michigan Court of Appeals' holding that petitioner had opened the door to evidence of his character was not contrary to, or an unreasonable application of, clearly established federal law so as to entitle petitioner to habeas relief. As such, petitioner is not entitled to habeas relief on his first, second, or third claims.

## C. Claim IV - sentencing claims

In his fourth claim, petitioner contends that the trial court erred in failing to retroactively apply the new Michigan Sentencing Guidelines that were enacted by the Michigan legislature to replace the older version of the Michigan Sentencing Guidelines that had been adopted by the Michigan Supreme Court. Petitioner further claims that his sentence was disproportionate.

Petitioner has no state created liberty interest in having the Michigan sentencing guidelines applied rigidly in determining his sentence. *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. *Id.*

The new sentencing guidelines apply to crimes committed on or after January 1, 1999. *People v. Oliver*, 242 Mich. App. 92, 99 (2000); Mich. Comp. Laws § 769.34(1) and (2). Here, the offense petitioner was convicted of was committed on December 17th or 18th, 1998. Because petitioner's offense occurred prior to January of 1999, the trial court did not abuse its discretion under Michigan law in failing to use the new legislative guidelines in fashioning petitioner's sentence. *Oliver*, 242 Mich. App. at 99; *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).

Petitioner also claims that he is entitled to habeas relief because his sentence of 25 to 40 years imprisonment was disproportionate and constitutes an abuse of discretion. To the extent that petitioner argues that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 213 F. 3d 298, 300 (6th Cir. 2000). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F. 3d 253, 261 (6th Cir. 1995).

Petitioner also is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin,* 213 F.3d at 302 (internal quotation omitted). Here, petitioner's sentence of 25 to 40 years imprisonment on his conviction for breaking and entering a building with intent to commit larceny and being a fourth felony habitual offender was within the statutory maximum of life imprisonment for these offenses. See

6

Mich. Comp. Laws §§ 750.110; 769.12.  Thus, the trial court acted within its discretion in imposing petitioner's sentence and there is no extreme disparity between petitioner's crime and sentence so as to offend the Eighth Amendment.  Petitioner is therefore not entitled to habeas relief on this claim.

### D.  <u>Claims V, VI, VII, VIII, IX, X - procedurally defaulted claims</u>

Respondent contends that petitioner's fifth, sixth, seventh, eighth, ninth, and tenth claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default.  In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

Here, the trial court denied petitioner's motion for relief from judgment, finding that he had failed to establish good cause, as required by M.C.R. 6.508(D)(3)(a), for

7

failing to raise these claims in his appeal of right. The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar petitioner's claims. *See e.g. Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005); *cert. den.* 126 S. Ct. 1032 (2006). Thus, petitioner's claims are procedurally defaulted.

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.[1] To show that he was denied the effective assistance of appellate counsel, petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, petitioner must show that such performance prejudiced his defense. *Id.* Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See*

---

[1] Petitioner also raises ineffective assistance of appellate counsel as a distinct habeas claim. For the reasons that follow, however, habeas relief is not warranted on such a claim.

8

*Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003)(internal citations omitted).

Petitioner has failed to show that appellate counsel was ineffective by omitting the claims presented in his subsequent motion for relief from judgment. Appellate counsel filed a forty seven page brief which raised four claims on direct appeal. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, because the defaulted claims are not "dead bang winners", petitioner has failed to establish cause for his procedural default of failing to raise all of his claims on direct review. *See United States v. Stanfiel,* 4 Fed. Appx. 691, 693 (10th Cir. 2001); *Meade,* 265 F. Supp. 2d at 872.

Because petitioner has not shown cause, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995).

### V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

**SO ORDERED.**

9

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 14, 2006, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160

: