UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN HORTON,

    Petitioner,                              CASE NO. 04-CV-74521-DT
                                             HONORABLE AVERN COHN

v.

KURT JONES,

    Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALBILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Benjamin Horton, ("Petitioner") filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims were not cognizable and were procedurally defaulted. The Court agreed with Respondent and denied the petition. See Memorandum and Order Denying Petition for Writ of Habeas Corpus, filed August 14, 2006.

Before the Court is Petitioner's motion for a certificate of appealability (COA).

II.

Before Petitioner can appeal the Court's decision a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court also explained that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner's application for a COA presents the same arguments considered and rejected by the Court. As explained in the August 14, 2006 Order, Petitioner's claims

either are not cognizable on review or are procedurally defaulted and Petitioner failed to show case to overcome his default by establishing ineffective assistance of counsel or that a fundamental miscarriage of justice occurred.  Reasonable jurists would not debate the Court's conclusions or find that Petitioner's claims deserve to proceed further.  Accordingly, Petitioner's motion for a certificate of appealability is DENIED.

     SO ORDERED.


       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


Dated:  September 7, 2006


I hereby certify that a copy of the foregoing document was mailed to Benjamin Horton, 138495, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 and the attorneys of record on this date, September 7, 2006, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160